## CECIL JONES v. STATE.

No. A-7878. Opinion Filed July 31, 1931.
(1 Pac. [2d] 833.)

Ira J. Banta and C. L. Hill, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of assault with intent to commit rape, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of three years.

The evidence of the state was that the defendant took the prosecutrix riding in his automobile, carried her to a secluded place in the woods near Wewoka, and there made an assault upon her; that, when they reached the place where the assault was committed, the defendant began to try to be familiar with her, opened his clothes, and exposed his privates, and told her he had brought her out there to have intercourse with her; that she resisted and slapped him in the face; that defendant shoved her out of the car and knocked her down three or four times; that she secured a limb and tried to hit him with it and that defendant took it away from her and hit her on the arm with it; that defendant kicked her back into the car and got in and hit her on the head with some pliers; that defendant then took her back to Wewoka and put her out at her father's house; that on the way back he told her that, if she told on him, he would kill her; that defendant had a pistol in the car at that time; that after leaving her at home he came back again and called her out and told her if she told he would kill her; that she agreed to say they had been in a car wreck, and when she first returned home did say that, but that the next day she told her father and mother and went to the county attorney's office and made complaint.

The defendant testified that he had had intercourse with the prosecutrix several times prior to the time of this assault; that she had been after him to buy her some clothes; that on the afternoon of the assault he was at

prosecutrix' home, and they were quarreling, and she asked him to take her some place so that her father and mother would not hear the fuss; that he drove to the place where prosecutrix said they went; that prosecutrix wanted him to go to Holdenville and buy her some clothes and that he would not go; that she got out of the car and got a limb and broke the headlights of the car and smashed the windshield; that he attempted to prevent her, and that she got his finger in her mouth and bit it and he knocked her loose; that in the car she scratched his face and he hit her, and her head hit against something in the car that made a gash in her head; that he took her back to town; that he did not make any threat to kill her, and made no attempt to have carnal intercourse with her.

Defendant contends, first, that this evidence is insufficient to support the verdict of the jury.

The evidence of the state shows that the defendant took the prosecutrix to the woods and there committed an assault on her. What his intentions were had to be determined by the jury from all the facts and circumstances in the case. Since the jury found him guilty, they evidently believed the prosecutrix' story that the assault was in an attempt to commit rape.

The defendant next complains of the instructions of the court, contending that the court erred in refusing to give a requested instruction.

Under this assignment defendant contends particularly that the court should have instructed on the intent of the defendant.

In instruction No. 6, given upon the court's own motion, it used the following language:

"* * * Did willfully, unlawfully and feloniously, violently and forcibly make an assault upon one Eunice Williams, a female, not then and there the wife of the said Cecil Jones, with the intent then and there feloniously, and by force and violence to carnally know and ravish said Eunice Williams, and accomplish with her an act of sexual intercourse, against her will and without her consent. * * *"

This instruction sufficiently advises the jury that before the defendant could be convicted he must have made this assault with the intent by force to have intercourse with the prosecutrix.

The court having already given a sufficient instruction on intent, it was not error to refuse the requested instruction of the defendant.

It appears from the record that the prosecutrix had previously been married and was 29 years of age; that she had been keeping company with defendant for some time; that she voluntarily went with defendant to this secluded place. Considering the age of the prosecutrix and her previous experience with men as a married woman and all the facts and circumstances in the case, we are of the opinion that the punishment assessed by the jury is excessive.

For the reasons stated, the judgment is modified, and the punishment reduced from three years to one and a half years in the state penitentiary, and, as modified, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.